THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; UNITED STATES BUREAU OF LAND MANAGEMENT; and LAURA DANIEL-DAVIS, in her official capacity as Principal Deputy Assistant Secretary for Land and Minerals Management,<br><br>Defendants.<br><br>PEAK MINERALS INC.,<br><br>Proposed Intervenor. | **MEMORANDUM DECISION AND ORDER GRANTING [15] MOTION TO INTERVENE**<br><br>Case No. 2:23-cv-00492-DBB-DBP<br><br>District Judge David Barlow |

Before the court is Proposed Intervenor Peak Minerals Inc.'s ("Peak Minerals") Motion to Intervene pursuant to Federal Rule of Civil Procedure 24.[1] Peak Minerals seeks to intervene in the dispute between Plaintiff Southern Utah Wilderness Alliance ("SUWA") and Defendants United States Department of the Interior ("DOI"), Bureau of Land Management ("BLM"), and Laura Daniel-Davis in her official capacity as Principal Deputy Assistant Secretary for Land and Minerals Management (collectively "Defendants"). For the reasons below, the court grants Peak Minerals's motion.

---

[1] Mot. to Intervene, ECF No. 15, filed Sept. 11, 2023.

1

## BACKGROUND

SUWA is a non-profit that advocates for land preservation in Utah.[2] BLM, a federal agency under DOI, manages public lands nationwide to include areas in Utah.[3] At issue here is the Sevier Lake bed—an area located in Utah's West Desert.[4] In August 2019, DOI's Assistant Secretary for Lands and Minerals issued a Record of Decision ("ROD") setting aside about 125,000 acres in the West Desert for potash mining.[5] The decision would permit Peak Minerals, the owner of the relevant mineral leases,[6] to begin mining operations and establish rights-of-way across the Sevier Lake bed.[7]

On July 31, 2023, SUWA filed its Complaint, seeking judicial review of the ROD under the Administrative Procedure Act ("APA").[8] SUWA alleges BLM violated the National Environmental Policy Act ("NEPA") for failing to "analyze a range of reasonable alternatives" or to take a "hard look at the environmental impacts of [its] proposed actions."[9] Peak Minerals filed its Motion to Intervene on September 11.[10] The parties do not oppose the motion.[11]

---

[2] Compl. ¶¶ 7–8, ECF No. 1, filed July 31, 2023.
[3] *Id.* at ¶ 15.
[4] *Id.* at ¶ 3; *see West Desert District Office*, Bureau of Land Management, https://www.blm.gov/office/west-desert-district-office (last visited Oct. 9, 2023).
[5] Compl. ¶ 2. "The term 'potash' refers to mineral and chemical salts that are rich in potassium. It is mined from naturally occurring ore deposits and its primary use is in agricultural fertilizers[.]" *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 848 (7th Cir. 2012) (en banc).
[6] Decl. of Woods Silleroy ("Silleroy Decl.") ¶¶ 3, 5, ECF No. 15-1, filed Sept. 11, 2023.
[7] Compl. ¶ 4.
[8] *Id.* at ¶¶ 1–2.
[9] *Id.* at ¶¶ 21–39. Under NEPA, federal agencies must produce Environmental Impact Statements ("EIS") for all "major federal actions significantly affecting the quality of the human environment[.]" 42 U.S.C. § 4332(C). An EIS must include a "detailed statement . . . on the environmental impact of the proposed action[,]" *id.* at § 4332(C)(i), and "[e]valuate reasonable alternatives to the proposed action, and, for alternatives that the agency eliminated from detailed study, briefly discuss the reasons for their elimination[,]" 40 C.F.R. § 1502.14(a); 42 U.S.C. § 4332(E).
[10] *See* Mot. to Intervene.
[11] *See* ECF No. 25 ("Plaintiff [SUWA] does not intend to file an opposition . . . ."); ECF No. 26 ("Federal Defendants . . . do not intend to file an opposition.").

## DISCUSSION

Rule 24 of the Federal Rules of Civil Procedure sets out the conditions for a party to intervene as a matter of right or permissively. The court first discusses whether Peak Minerals merits an intervention by right.

Under Rule 24(a), a movant may intervene in a pending action if: "(1) the application is timely; (2) [the movant] claims an interest relating to the property or transaction which is the subject of the action; (3) the interest may as a practical matter be impaired or impeded; and (4) the interest may not be adequately represented by existing parties."[12] Courts "historically take[] a 'liberal' approach to intervention and thus favor[] the granting of motions to intervene."[13] The court addresses each element in turn.

### I.   The Motion to Intervene Is Timely.

The first question is whether Peak Minerals's motion is timely. "The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'"[14] "[A]bsolute measures of timeliness should be ignored."[15] Here, the litigation is in its early stages: the court has not yet

---

[12] *Kane County v. United States*, 928 F.3d 877, 890 (10th Cir. 2019) (citation omitted); Fed. R. Civ. P. 24(a) ("On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.").

[13] *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (citing *Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996)); *see WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) ("The factors of Rule 24(a)(2) are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation, and those factors are not rigid, technical requirements." (cleaned up)).

[14] *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting *Sanguine, Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)).

[15] *Id.* (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

issued a scheduling order and no party has filed a dispositive motion.[16] Peak Minerals filed its motion 42 days after SUWA's Complaint.[17] And it appears no prejudice would result to the parties.[18] For these reasons, the motion to intervene is timely.

## II. Peak Minerals Demonstrates an Interest Related to the Dispute.

Next, the movant must show it has an interest related to the property or transaction at issue. "Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination[.]"[19] Courts "require that the interest in the proceedings be direct, substantial, and legally protectable."[20] "A protectable interest is one that 'would be impeded by the disposition of the action.'"[21] An interest may also be economic in nature.[22]

Peak Minerals meets its burden to show a direct and substantial interest. Since 2011, it has worked with BLM to plan the potash mining project.[23] More importantly, it owns the mineral leases related to the Sevier Lake bed.[24] And it has spent over $100 million "designing, sequencing, and otherwise planning" the project.[25] The court concludes Peak Minerals has a direct and substantial economic interest in the litigation.

---

[16] *See* Docket.
[17] *See W. Energy All.*, 877 F.3d at 1164–65 (finding as timely a motion to intervene when it was filed less than two months after the complaint).
[18] *See* ECF Nos. 25–26 (parties' notices of non-opposition).
[19] *Coal. of Ariz./N.M. Cntys.*, 100 F.3d at 840.
[20] *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019).
[21] *W. Energy All.*, 877 F.3d at 1165 (internal quotation marks omitted) (quoting *San Juan County v. United States*, 503 F.3d 1163, 1203 (10th Cir. 2007) (en banc), *abrogated on other grounds by Hollingsworth v. Perry*, 570 U.S. 693 (2013)).
[22] *See United States v. Albert Inv. Co.*, 585 F.3d 1386, 1393 (10th Cir. 2009) ("[T]he threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest." (cleaned up)).
[23] Silleroy Decl. ¶ 5.
[24] *Id.* at ¶ 3.
[25] *Id.* at ¶ 6.

### III. Peak Minerals Meets Its Burden to Show that Litigation May Impair Its Interests.

For the third factor, the putative intervenor "must have an interest that could be adversely affected by the litigation."[26] Courts apply "'practical judgment' when 'determining whether the strength of the interest and the potential risk of injury to that interest justify intervention.'"[27] Because this factor "presents a minimal burden[,]"[28] movants must merely "show it is 'possible' that the interests they identify will be impaired."[29] "This factor is met in environmental cases where the district court's decision would require the federal agency to engage in an additional round of administrative planning and decision-making that itself might harm the movants' interests, even if they could participate in the subsequent decision-making."[30]

SUWA moves the court to declare BLM violated NEPA when it approved the Sevier Lake ROD, to declare the project unlawful, and to enjoin BLM from taking further action respecting the ROD until it fully complies with NEPA and the APA.[31] Should the potash mining project falter due to a decision in SUWA's favor, Peak Minerals may lose significant revenue.[32] Thus, Peak Minerals has an interest that may be impaired by the instant action.

### IV. Peak Minerals Makes a Sufficient Showing that the Existing Parties Do Not Adequately Represent Its Interests.

Finally, Peak Minerals must demonstrate that the existing parties may not adequately represent its interest. "This burden is 'minimal,' and 'it is enough to show that the representation

---

[26] *Kane County*, 928 F.3d at 891 (quoting *San Juan County*, 503 F.3d at 1203).
[27] *Id.* (citation omitted).
[28] *WildEarth Guardians*, 604 F.3d at 1199.
[29] *W. Energy All.*, 877 F.3d at 1167 (quoting *WildEarth Guardians*, 604 F.3d at 1199); *see Barnes*, 945 F.3d at 1123 ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.").
[30] *W. Energy All.*, 877 F.3d at 1167 (citing *WildEarth Guardians*, 604 F.3d at 1199).
[31] Compl. 13.
[32] Silleroy Decl. ¶ 6.

may be inadequate.'"[33] "[R]epresentation is not inadequate simply because the applicant and the representative disagree regarding the facts or law of the case."[34] Courts have recognized that "it is 'on its face impossible' for a government agency to carry the task of protecting the public's interests and the private interests of a prospective intervenor[.]"[35] Courts may also consider whether the movant "has expertise the government may not have."[36]

Peak Minerals holds a unique interest in the action. It worked with BLM, the Utah School and Institutional Trust Lands Administration, and others "to plan and design the [Sevier Lake bed] [p]roject to facilitate development of sulfate of potassium under Peak Minerals'[s] leases in an environmentally responsible manner."[37] As Peak Minerals asserts, the ROD allows the company to engage in a 32-year project.[38] BLM might, absent Peak Minerals's intervention, be "placed in the position of defending both public and private interests[.]"[39] After all, the agency "'has multiple objectives' in managing [mineral] leasing, as under the multiple-use mandate, it is required to balance wide-ranging and often conflicting interests."[40] Peak Minerals further has

---

[33] *Kane County*, 928 F.3d at 892 (internal quotation marks omitted) (quoting *Nat. Res. Def. Council, Inc. v. U.S. Nuclear Regul. Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)).
[34] *Sanguine*, 736 F.2d at 1419.
[35] *WildEarth Guardians*, 604 F.3d at 1200 (citation omitted); *see Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1117 (10th Cir. 2002) ("[S]uch a situation . . . creates the kind of conflict that 'satisfies the minimal burden of showing inadequacy of representation.'" (quoting *Utah Ass'n*, 255 F.3d at 1255)). "[T]he government's representation of the public interest generally cannot be assumed to be identical to the individual parochial interest of a particular member of the public" because "the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor." *Utah Ass'n*, 255 F.3d at 1256.
[36] *Utah Ass'n*, 255 F.3d at 1255.
[37] Silleroy Decl. ¶¶ 3, 5.
[38] Mot. to Intervene 8.
[39] *WildEarth Guardians*, 604 F.3d at 1200.
[40] *W. Energy All.*, 877 F.3d at 1169 (citing 43 U.S.C. § 1702(c)); *see Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 58 (2004) ("'Multiple use management' is a deceptively simple term that describes the enormously complicated task of striking a balance among the many competing uses to which land can be put, 'including, but not limited to, recreation, range, timber, minerals, watershed, wildlife and fish, and [uses serving] natural scenic, scientific and historical values.'" (alteration in original) (quoting § 1702(c))).

special knowledge as to the project.[41] In sum, Peak Minerals has invested considerable resources[42] in the project, has expertise, and likely will not have its interests redundantly represented by BLM due to the agency's multiple-use mandate. Peak Minerals has thus "made the minimal showing necessary to suggest that [the parties'] representation may be inadequate."[43]

All four elements support Peak Minerals's intervention by right under Federal Rule of Civil Procedure 24(a). For this reason, the court need not discuss whether Peak Minerals should be allowed to permissively intervene pursuant to Rule 24(b).[44]

## ORDER

Accordingly, Proposed Intervenor Peak Minerals's Motion to Intervene[45] is GRANTED.

Signed October 17, 2023.

BY THE COURT

_____
David Barlow
United States District Judge

---

[41] Silleroy Decl. ¶ 7.
[42] Peak Minerals has invested tens of thousands of hours and over $100 million in the project. Silleroy Decl. ¶ 6.
[43] *Coal. of Ariz./N.M. Cntys.*, 100 F.3d at 846.
[44] Fed. R. Civ. P. 24(b)(1)(B); *see* Mot. to Intervene 9–10.
[45] ECF No. 15.