Stephen H.M. Bloch (UT #7813)
Hanna Larsen (UT #18458)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, UT 84111
(801) 486-3161
steve@suwa.org
hanna@suwa.org

*Attorneys for Plaintiff*
*Southern Utah Wilderness Alliance*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SOUTHERN UTAH WILDERNESS ALLIANCE**, | |
| Plaintiff, | |
| v. | **JOINT MOTION FOR DISMISSAL WITHOUT PREJUDICE** |
| **UNITED STATES DEPARTMENT OF THE INTERIOR**, *et al.*, | Case No. 2:23-cv-00492-AMA-DBP |
| Defendants, | District Judge Ann Marie McIff Allen |
| and | Chief Magistrate Judge Dustin B. Pead |
| **PEAK MINERALS, INC.**, | |
| Defendant-Intervenor. | |

Pursuant to Fed. R. Civ. P. 41(a)(2), and through the undersigned counsel, Plaintiff

Southern Utah Wilderness Alliance ("SUWA") and Federal Defendants United States

Department of the Interior, United States Bureau of Land Management, and Steve Feldgus, in his

official capacity as Principal Deputy Assistant Secretary for Lands and Minerals Management (collectively, "BLM") hereby move for dismissal of this action without prejudice.

Defendant-Intervenor Peak Minerals Inc. ("Peak Minerals") declined to stipulate to dismissal of this action and likewise declined to state its position on this motion. Movants request that each party bear their own costs and attorneys' fees.

## BACKGROUND

This litigation challenges BLM's 2019 decision to approve nearly 125,000 acres of potash mining, processing and shipping in Utah's West Desert, known as the Sevier Playa Potash ("SPP") Project. According to the mining plan approved in the 2019 decision, the SPP Project is anticipated to last thirty-two years and produce approximately 372,000 tons per year of potassium sulfate. To support this operation, BLM's decision also authorized construction of surface facilities including evaporation ponds, dikes, roads, powerlines, a processing plant, and a rail loadout facility.

In its complaint, SUWA alleges that BLM approved the SPP Project and concluded its environmental review under the National Environmental Policy Act ("NEPA") without analyzing an adequate range of reasonable alternatives and without taking a hard look at the Project's impacts to several resources, including climate and greenhouse gas emissions, ground water resources, and dark night skies. As such, SUWA alleges that BLM's decision to approve the SPP Project was arbitrary and capricious under the Administrative Procedure Act, and in violation of NEPA and its implementing regulations.

In September 2023, approximately two months after SUWA filed this lawsuit, Peak Minerals filed a proposed modified mining plan with BLM and the Utah Division of Oil, Gas,

and Mining. Since then, and as of the date of this filing, BLM has been working with Peak Minerals to review and revise the proposed modified mining plan. In conformance with NEPA, BLM intends to analyze the environmental effects of the modified mining plan in a supplemental NEPA analysis prior to approving (or denying) the plan.

## GROUNDS FOR DISMISSAL

**Dismissal Without Prejudice is Warranted Because No Party Will Suffer "Legal Prejudice"**

A plaintiff may move for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) when dismissal as of right pursuant to Rule 41(a)(1)(A)(i) is unavailable and the parties do not each consent to a stipulated dismissal under Rule 41(a)(1)(A)(ii). Unless the court orders otherwise, dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2). Dismissal without prejudice under Rule 41(a)(2) is normally granted absent a showing of "legal prejudice" to a defendant and/or defendant-intervenor.[1] *Mitchell v. Roberts*, 43 F.4th 1074, 1083 (10th Cir. 2022). There are several factors that "serve as practical guideposts" for a court deciding whether legal prejudice exists:

> [1] the opposing party's effort and expense in preparing for trial; [2] excessive delay and lack of diligence on the part of the movant; [3] insufficient explanation of the need for a dismissal; and [4] the present stage of litigation.

*Id.* at 1083-84. However, these factors are not exclusive and any other case-specific relevant factors should also be considered. *Id.* at 1084. Furthermore, "[e]ach factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Id.* at 1083-84.

---

[1] Because BLM joins this motion, only the absence of legal prejudice to Peak Minerals will be addressed.

As demonstrated below, when taking the above factors into account, as well as the unique circumstances specific to the SPP Project, it is clear that Peak Minerals will not suffer legal prejudice if this case is dismissed without prejudice.

I.  **The Modified Mining Plan Changes the Scope, Extent, and Duration of the SPP Project.**

SUWA and Federal Defendants are moving for dismissal because, as explained above, Peak Minerals filed a proposed modified mining plan with BLM in September 2023. When compared to the mining plan approved with the 2019 Record of Decision ("ROD"), the September 2023 version of the modified mining plan proposed a substantially altered SPP Project, in terms of the products proposed to be produced, the anticipated amount of minerals to be recovered, and the proposed duration of the Project.

The proposed modified mining plan has since undergone several revisions. BLM received the most recent version on or around June 3, 2024. This version of the plan modifies 2019 SPP Project by, among other things, proposing a phased approach that proposes to reduce its initial footprint, lower annual production rates, and alter facilities locations and infrastructure. BLM is still considering the modified mining plan and has not yet determined the appropriate level of environmental review under NEPA. However, BLM's NEPA review of the modified mining plan will supplement or supersede the analysis contained in the 2019 statement and ROD. As such, it does not make sense to continue litigation over the 2019 statement and ROD when those documents are likely to be significantly affected (if not mooted) by BLM's subsequent NEPA analysis on the modified mining plan that will govern implementation of the SPP Project.

## II.     Dismissal Does Not Change the Current Status of the SPP Project.

Currently, and for the entire duration of this litigation, the 2019 ROD challenged by SUWA has remained in effect. Therefore, Peak Minerals is lawfully able to develop aspects of the SPP Project authorized by the 2019 ROD. Dismissing this lawsuit will not change that in any way. Consequently, Peak Minerals' legal rights to develop the SPP Project are not affected by dismissal of this lawsuit without prejudice.

## III.    This Case is in the Early Stages of Litigation with Little Effort Expended by Defendant-Intervenors.

Finally, SUWA and Federal Defendants have diligently and efficiently litigated this case up until this point, this case is in the early stages of litigation as merits briefing has not yet concluded,[2] and as a result, Peak Minerals has not needed to expend much effort participating in the matter. *See Mitchell*, 43 F.4th at 1083-84. Rule 41(a)(2) specifically provides for voluntary dismissal after an answer or motion for summary judgment has been served. *See* Fed. R. Civ. P. 41(a)(2) (stating that subsection (a)(2) applies to voluntary dismissals when subsection (a)(1)(i) does not); *Ohlander v. Larson*, 114 F.3d 1531, 1536-37 (10th Cir. 1997) ("Once a defendant files an answer…a plaintiff may voluntarily dismiss an action only upon order of the court."); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 146 (9th Cir. 1982) ("The very purpose of Rule 41(a)(2) is to allow a District Court, in its discretion, to dismiss an action without prejudice even after responsive pleadings have been filed by the defendant."). Thus, a defendant-

---

[2] SUWA filed its Opening Brief on May 10, 2024 (Dkt. No. 42). Pursuant to the current scheduling order (Dkt. No. 40), Federal Defendants' Response Brief is currently due June 28, 2024 and Peak Minerals' Response Brief is currently due July 12, 2024.

intervenor's efforts expended by filing an answer[3] or summary judgment proceeding is an insufficient basis to deny dismissal. *Ohlander*, 114 F.3d at 1537 (citing *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986) (observing that "the mere filing of an answer or a motion for summary judgment could not, without more, be a basis for refusing to dismiss without prejudice.")).

Given the early stage of this litigation, including the fact that merits briefing has not concluded, and that Peak Minerals' involvement to date has simply amounted to filing its motion to intervene and its response to SUWA's complaint, Peak Minerals will not suffer legal prejudice if this motion is granted.

## CONCLUSION

For the foregoing reasons, the court should grant SUWA and BLM's Joint Motion for Dismissal Without Prejudice and require each party bear its own costs and attorneys' fees.

Respectfully submitted June 27, 2024.

| | |
|---|---|
| */s/ Hanna Larsen* | TODD KIM |
| Stephen H.M. Bloch (UT #7813) | Assistant Attorney General |
| Hanna Larsen (UT #18458) | Environment & Natural Resources Division |
| SOUTHERN UTAH WILDERNESS ALLIANCE | U.S. Department of Justice |
| | */s/ Daniel Luecke (with permission)* |
| 425 East 100 South | DANIEL C. LUECKE (CA Bar No. 326695) |
| Salt Lake City, UT 84111 | Trial Attorney, Natural Resources Section |
| (801) 486-3161 | Ben Franklin Station, P.O. Box 7611 |
| steve@suwa.org | Washington, D.C. 20044-7611 |
| hanna@suwa.org | (202) 598-7863 |
| | daniel.luecke@usdoj.gov |
| *Counsel for Plaintiff* | *Counsel for Federal Defendants* |

---

[3] In lieu of an answer and in accordance with DUCivR 7-4(b)(2), Peak Minerals merely submitted a "short and plain statement" that denied that the 2019 ROD was arbitrary and capricious and identified affirmative defenses. *See generally*, Peak Minerals Resp. to Compl. (Dkt. No. 28).