IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>  Defendants. | **ORDER GRANTING JOINT MOTION TO DISMISS**<br><br>Case No. 2:23-cv-00492-AMA-DBP<br><br>Judge Ann Marie McIff Allen<br>Magistrate Judge Dustin B. Pead |
| PEAK MINERALS, Intervenor. | |

Before the Court is Plaintiff Southern Utah Wilderness Alliance ("SUWA"), Defendants United States Department of the Interior ("DOI"), and United States Bureau of Land Management's ("BLM") Joint Motion to Dismiss ("Motion").[1]  Based on the Motion and for good cause appearing, the Court will grant the Motion, and dismiss this action without prejudice, largely for the reasons stated in SUWA's Reply.[2]

On June 27, 2024, Plaintiff and Defendants filed their Motion, seeking dismissal of this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  On July 5, 2024, Intervenor Peak Minerals filed its Opposition, asking the Court to instead dismiss the case with

---

[1] ECF No. 46.
[2] ECF No. 52.

prejudice or condition dismissal without prejudice on an award to Peak Minerals of its attorney fees and costs.[3]  SUWA filed a Reply[4] as did DOI and BLM.[5]

As the parties recognize, the Tenth Circuit set forth the standard applicable to a motion for voluntary dismissal under Rule 41(a)(2) in *Ohlander v. Larsen*, 114 F.3d 1531 (10th Cir. 1997).  "A district court should normally grant dismissal without prejudice, absent 'legal prejudice' to the defendant."[6]  *Mitchell v. Roberts*, 43 F.4th 1074, 1083 (10th Cir. 2022) (quoting *Ohlander*).  "The parameters of what constitutes 'legal prejudice' are not entirely clear, but relevant factors the district court should consider include: [1] the opposing party's effort and expense in preparing for trial; [2] excessive delay and lack of diligence on the part of the movant; [3] insufficient explanation of the need for a dismissal; and [4] the present stage of litigation."  *Id.*  No factor is dispositive.  Instead, each of these non-exhaustive factors serves as a practical guidepost to evaluate what constitutes legal prejudice.  *Id.* at 1083–84.

Here, the Court will grant the Motion without conditions because Peak Minerals fails to identify any legal prejudice it will suffer if the motion to dismiss is granted.  Peak Minerals suggests it will be prejudiced because it expended legal fees in this case (a case in which Peak

---

[3] ECF No. 51.  Peak Minerals also requests "a hearing to address these matters and schedule the next steps."  *Id.* at 11.  Rule 7-1(g) indicates a party must show good cause to justify its request for oral argument.  Peak Minerals has not done so.
[4] ECF No. 52.
[5] ECF No. 53.  Peak Minerals also filed an evidentiary objection.  ECF No. 54.  The objection is sustained insofar as it points out the lack of declaration or other evidentiary support for BLM's claim about Peak Minerals' intentions.  It is less certain whether such a statement would qualify as hearsay, if it had proper evidentiary support.  *See* Fed. R. Evid. 801(d)(2).
[6] While *Mitchell* and *Ohlander* did not involve intervenor parties, like Peak Minerals, the Tenth Circuit has applied the same standard to intervenor parties.  *See Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1047–48 (10th Cir. 2002).

Minerals successfully moved to intervene).  While the expenditure of legal fees has some relevance under the first factor, the Tenth Circuit has distinguished trial preparation from legal fees expended for discovery and pretrial motions.  *See Church Mut. Ins. Co. v. Salt Lake City Laumalie Ma'oni'oni Free Wesleyan Church of Tonga*, 710 F. App'x 784, 786 (10th Cir. 2017).  While the Court has no doubt Peak Minerals has expended time, effort, and money litigating this case, these expenditures do not amount to legal prejudice.  Also, Peak Minerals did not incur these expenses for trial preparation.

Next, while Peak Minerals attempts to paint the picture that this case is in advanced stages of litigation under the fourth *Ohlander* factor, the reality is that Peak Minerals' only substantive filing in this case is its answer.  The Motion was filed before Peak Minerals filed its substantive response to SUWA's motion for review of agency action.  This case, though not brand new, is not in an advanced posture and SUWA has not unreasonably delayed its request to dismiss.

Finally, as SUWA points out, the request to dismiss came largely in response to Peak Minerals submitting a Modified Mining Plan to BLM, which has triggered further review that could obviate the need for litigation, or lead to expanded litigation.[7]  Peak Minerals' submission of the Modified Mining Plan tips the second and third *Ohlander* factors decidedly in SUWA's favor because it explains why SUWA chose to dismiss when it did and provides a sufficient explanation of the need for dismissal.  Accordingly, the Court finds Peak Minerals will not suffer legal prejudice.

---

[7] *See* Federal Defs.' Reply at 3; ECF No. 53.

## **ORDER**

Based on the foregoing, this case is dismissed without prejudice and each party remains responsible for its own costs and attorney fees.

DATED July 30, 2024.

BY THE COURT:

_____
Ann Marie McIff Allen
U.S. District Judge